# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| A. B., a minor child, by and through her Parent and Legal Guardian, SHERRI BLAIK, and SHERRI BLAIK, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION, dba BLUE CROSS BLUE SHIELD OF OKLAHOMA,<br><br>Defendant. | Case No: CIV-19-968-C<br><br><br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

## COMPLAINT

COME NOW the Plaintiffs, A. B., a minor child, by and through her Parent and Legal Guardian, Sherri Blaik, and Sherri Blaik, Individually and for their causes of action against the Defendant allege and state:

1. Plaintiffs, A. B., and Sherri Blaik are both residents of Oklahoma City, Oklahoma, Oklahoma County, State of Oklahoma. A. B. is an eleven-year-old girl and Sherri Blaik is her mother.

2. Health Care Service Corporation (Blue Cross Blue Shield) is an Illinois corporation, with its principal place of business in Illinois, which does business in the State of Oklahoma as Blue Cross Blue Shield of Oklahoma.

3. At all times material hereto, Plaintiff A.B. was insured under a Blue Cross Blue Shield health insurance policy that was purchased by her parents specifically for A. B., at the time of her birth.

4. The subject insurance policy was sold, issued, delivered and renewed in Oklahoma City, Oklahoma.

## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

5. A. B. has a neurological condition diagnosed in April 2010 which requires intense therapy, including physical, occupational, speech and Applied Behavior Analysis (ABA) therapy to permit a more normal life. A. B. has received needed medical services principally beginning when she was about one year old and continues to receive those medical services to date. Blue Cross Blue Shield has repeatedly delayed, refused, denied, and otherwise mishandled A. B.'s health insurance claims and intentionally interfered with her ability to obtain benefits for appropriate medical care, specifically ABA therapy.

6. Plaintiffs submitted claims to the Defendant in 2019 for the policy benefits of A. B.'s health policy and otherwise complied with all conditions precedent to recover under the policy.

7. More specifically, this Court entered an Order, in February 2018, in previous litigation that this child's ABA therapy was covered by her insurance policy with the Defendant. BCBS has continued to refuse to make any payment of any kind or to affirm any coverage for this child's continuous ABA therapy since that time, at least up until October of 2019. Following the resolution of the previous litigation in April 2019, Plaintiffs continually submitted billings and requests for coverage to Blue Cross and Blue Shield for the child's continuous

ABA therapy from April of 2019 to the present. Defendant's only position remained that there was no coverage for her ABA treatment and Defendant would not affirm whether it would or would not cover the expenses. Throughout the summer months, the Plaintiffs pleaded with Blue Cross and Blue Shield to simply advise in any fashion as to whether or not they intended to provide coverage and payment for the child's ABA therapy treatment.  The Plaintiffs confronted the Defendant with the requirements of Oklahoma law for prompt payment and handling of health insurance claims.  The Plaintiffs pleaded with the Defendant for some reasonable response to determine whether or not there was going to be any coverage or any answer at all with respect to her ongoing ABA therapy claims.  The Defendant wholly ignored and refused to respond to the Plaintiffs' requests for some reasonable response or handling of these claims. This week, Blue Cross and Blue Shield finally made some partial payments on some of the claims for these services.  This was the first time ever that Defendant had made any payment on any ABA treatment for this child.  On best information and belief, the amounts paid were not the full benefit owing for the services that were paid.  Other ABA therapy services and treatment were denied, some as not medically necessary.  The claims that were finally paid and denied in October 2019, were all unreasonably delayed without any justifiable basis for the same. The Defendant's refusal to respond to the Plaintiffs on these claims was with knowledge that it could affect the decisions for treatment of the child, with the intent that it would coerce recommendations from her providers for a

lower standard of care and to coerce decisions to reduce her care. Authorizations for continued ABA treatment were not forthcoming from Defendant at all, have now been delayed until the last minute, and are threatened to be discontinued altogether.

8. Defendant repeatedly breached the insurance contract by delaying, failing and refusing to properly and promptly approve and pay policy benefits to Plaintiffs.

9. Defendant breached the implied covenant of good faith and fair dealing in the handling of Plaintiffs' claims, and as a matter of routine claim practice in handling similar claims, by:

   a.  failing and refusing payment and other policy benefits on behalf of A. B. at a time when Defendant knew that she was entitled to those benefits;

   b.  failing to properly investigate A. B.'s claims and to obtain additional information both in connection with the original refusals and following the receipt of additional information;

   c.  withholding payment of the benefits on behalf of A. B. knowing that her claims for those benefits were valid;

   d.  refusing to honor Plaintiffs' claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   e.  refusing to honor A. B.'s claims in some instances by applying restrictions not contained in the policy;

   f.  refusing to honor A. B.'s claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include A. B.'s claims;

h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of A. B.'s claims once liability had become reasonably clear;

i. forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j. failing to properly evaluate any investigation that was performed;

k. knowingly construing the policy wording to restrict coverage in a manner different than the Defendant knows this policy is designed, written and marketed to promise much broader coverage under this policy language;

l. refusing to consider coverage for payment objectively in the best interest of their insured rather than the interest of only the insurance company;

m. intentionally failing and refusing to follow the known law of policy construction, including, but not limited to, resolving any contractual ambiguities in favor of their insured;

n. imposing conditions and requirements for coverage more restrictive than the requirements of the policy;

o. unreasonably delaying the payment of policy benefits, including delays and refusals to pay with the specific intent that it interferes with and prevent necessary medical care for A. B. in order to reduce the applicable policy benefits that would otherwise be payable for such care; and,

p. attempting to force a lessened level of care for A. B. in order to minimize the policy benefits payable under her policy;

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

10. The Defendant delayed authorization, refused to respond, and wholly ignored Plaintiffs' 2019 claims such that it constituted a constructive denial of the same. Plaintiffs provided written notice to the Defendant on July 23, 2019 of their intent to institute this legal action in connection with their 2019 claims for ABA therapy.

11. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiffs' have suffered the loss of policy benefits, loss of further appropriate medical care and the policy benefit applicable to such needed care, physical, emotional and developmental injury, emotional distress, embarrassment, frustration, duress, and other consequential damages.

12. Defendant's acts and omissions in violation of the implied covenant of good faith and fair dealing were in reckless disregard for the rights of others and/or were done intentionally and with malice and therefore Plaintiffs are entitled to recover punitive damages.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant, Health Care Service Corporation, dba Blue Cross Blue Shield, for thier damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**MANSELL ENGEL & COLE**

By: s/Mark A. Engel
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
204 North Robinson Avenue, 21st Floor
Oklahoma City, Oklahoma   73102
T: (405) 232-4100     F: (405) 232-4140
Email:  mengel@meclaw.net

**ATTORNEYS FOR PLAINTIFF**