# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

A. B., a minor child, by and through her
Parent and Legal Guardian, SHERRI
BLAIK, and SHERRI BLAIK,
Individually,

       Plaintiffs,

v.

HEALTH CARE SERVICE
CORPORATION, a Mutual Legal
Reserve Company, dba BLUE CROSS
BLUE SHIELD OF OKLAHOMA,

       Defendant.

**Case No: 5:19-cv-968 D**

## HEALTH CARE SERVICE CORPORATION'S MOTION TO DISMISS, OR IN ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AND <u>MEMORANDUM IN SUPPORT THEREOF</u>

Defendant Blue Cross Blue Shield of Oklahoma ("BCBS-OK"), a Division of Health Care Service Corporation ("HCSC") ("Defendant"), respectfully requests this Court to dismiss Plaintiffs' Amended Complaint under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(1) and (6).  In the alternative, pursuant to Rule 12(e), Defendant requests that the Court order Plaintiffs to provide a more definite statement of their claims.  Specifically, Plaintiffs' Amended Complaint is both vague and conclusory, failing to plead any "facts" that would establish a prima facie showing of a bad faith denial of insurance coverage under Oklahoma law.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a pleading "must contain" "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A "claim has facial plausibility when the pleaded ***factual*** content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (emphasis added) (citation omitted). The burden is on the plaintiff to frame a complaint "with enough factual matter (taken as true)" to suggest that he or she is entitled to relief.  *Twombly*, 550 U.S. at 556 (internal quotations omitted).  So, "a formulaic recitation of the elements of a cause of action will not do," *Id.* at 555, and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).  The Court sets aside "mere labels and conclusions and threadbare recitals of the elements of a cause

of action" when conducting this analysis. *Daily v. USAA Cas. Ins. Co.,* 2014 WL 12729172, at *1 (W.D. Okla. Nov. 19, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citations and alterations omitted).

## ARGUMENT

### I.    Sherri Blaik Does Not Have Standing to Assert a Claim for Bad Faith.

Plaintiffs' terse Amended Complaint purports to contain a single cause of action for bad faith denial of insurance coverage.[1]  (*See generally* Am. Compl. ¶¶ 1-12.)  To state a bad faith claim under Oklahoma law, a plaintiff is required to plead factual allegations sufficient to show that (1) she is entitled to coverage under the insurance policy at issue; (2) defendant acted unreasonably under the circumstances with regard to a claim for coverage; (3) defendant did not deal fairly and in good faith with the insured; and (4) defendant's alleged breach of the duty of good faith and fair dealing directly caused the insured's injury.  *See Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005).  Here, Sherri Blaik purports to assert a bad faith claim ***both*** on behalf of the minor A.B., and on her own behalf in an individual capacity.  (Am. Compl. ¶ 1.)  But the Amended Complaint does not allege that Sherri Blaik is insured under the Policy at issue.[2]  Rather

---

[1]    Notably, Plaintiffs ***do not*** assert a breach of a contract claim based on the Policy.

[2]    (*See, e.g.*, Am. Compl. ¶¶ 6 ("Plaintiffs submitted claims to the Defendant in 2019 for the policy benefits of *A. B.'s health policy* . . . ." (emphasis added)), 7 ("this child's ABA therapy was covered by *her insurance policy* with the Defendant." (emphasis added)), 9.b. ("failing to properly investigate *A. B.'s claims* . . . ." (emphasis added)).)

the Amended Complaint pleads only that A.B. is an insured and that A.B. was allegedly entitled to unspecified benefits.  (*Id.* at ¶¶ 3, 6.)  Accordingly, Sherri Blaik has not stated (and, indeed, cannot state) a bad faith claim in her individual capacity under Oklahoma law.  *Tikk-A-Wok, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2019 WL 3219999, at *2 (W.D. Okla. July 17, 2019) (citing *Badillo*); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1234 (10th Cir. 2012) ("[Third party] has not shown a contractual . . . relationship between [the insurer] and [the insured] sufficient to confer standing upon the Estate to bring contractual or bad-faith claims against [the insurer].") (applying Oklahoma law).

Thus, at a minimum, the Court must dismiss Sherri Blaik's individual cause of action both under Rule 12(b)(1) and 12(b)(6) based both on the failure to plead a legally cognizable claim and consequent injury.

## II.     The Amended Complaint Pleads Conclusions, Not Facts, Insufficient to State a Plausible Claim for Bad Faith Breach of Insurance Contract.

Plaintiffs allege in only the vaguest of terms they "submitted claims to the Defendant in 2019 for the policy benefits of A.B.'s health policy and otherwise complied with all conditions precedent to recover under the policy."  (Am. Compl. ¶ 6.)  The Amended Complaint does not identify a single claim, when it was submitted, for what particular ABA therapy services (there are different types), or the specific outcome of the claim.  Nor does the Amended Complaint plead how these Plaintiffs satisfied conditions

precedent to suit under the Policy, including the Policy's mandatory pre-litigation administrative appeal requirements.[3]

Rather, in a rambling paragraph that spans three pages,[4] Plaintiffs allege that they submitted an unspecified number of claims for unspecified ABA therapy services starting in April 2019 and suggest that some were paid—but speculate that perhaps those payments might be less than required under the Policy—some were denied, and some were allegedly not addressed in a reasonable amount of time.[5]  But these are all vague conclusions; no *facts* are pleaded regarding the actual submission, handling or ultimate decision on even a single claim, let alone multiple claims.  Based on the bare-bones allegations in the Amended Complaint, neither Defendant nor the Court have any idea how many claims Plaintiffs contend serve as the bases of Plaintiffs' purported bad faith claim, let alone what

---

[3]   Without knowing which claims serve as the basis of the bad faith cause of action, it is not possible to determine how much (or all) of Plaintiffs' Complaint is barred by the failure to comply with conditions precedent.  Indeed, as just one example, the Complaint concedes that Plaintiffs had a pre-suit notification requirement and asserts in conclusory fashion that they satisfied it in July 2019.  But, the Amended Complaint does not appear to limit the scope of the bad faith cause of action to those claims that were allegedly included in the July pre-suit notification.

[4]   That the Amended Complaint contains no facts specific to the alleged dispute at issue is evident from the fact that the Amended Complaint in large part merely recycles old allegations from a 2014 complaint (Ex. 1) by the same parties even though that complaint involved different services, different denials and, indeed, different policy language.  (*Compare* Ex. 1 ¶ 8(a)-(p) *with* Am. Compl. ¶ 9(a) – (p).)

[5]   The same paragraph is littered with conclusory statements related to the claim.  (*See, e.g.*, Am. Compl. ¶ 7 ("On best information and belief, the amounts paid were not the full benefit owing for the services paid out."); ("The claims that were finally paid and denied in October 2019, were all unreasonably delayed without any justifiable basis for the same.").

Defendant allegedly did wrong with respect to any given claim.  Not surprisingly then, there are no allegations of actual injury tied to the handling of any particular claim that could serve as a predicate for a bad faith cause of action.  Indeed, because the Amended Complaint does not assert a breach of contract cause of action, much more than simple breach must be set forth *with facts* to support a plausible bad faith claim.

Most importantly, the Amended Complaint does not identify any provision in the Policy that Defendant allegedly failed to comply with, let alone how Defendant acted so unreasonably in its claim handling (for which Plaintiffs seem to concede nonetheless resulted in the payment of most, if not all, claims made against the Policy).  Adding to the confusion, all of the allegations are phrased in terms of "Plaintiffs" collectively and do not differentiate between those allegations relating to Sherri Blaik and those relating to A.B. Because Sherri Blaik has no standing to pursue claims on her own behalf, the Amended Complaint fails to differentiate between conduct that might be cognizable if other elements are pleaded (*i.e.* related to A.B.) and conduct that is not cognizable (*i.e.* relating to Sherri Blaik).

While Plaintiffs need not plead every fact related to their causes of action, they must plead *sufficient facts* to make their claim plausible and not merely conclusory and speculative.  Courts generally allow bad faith claims to survive Rule 12(b)(6) motions only where the complaint contained some actual factual allegations regarding the claim(s) at issue and how they were handled.  *Compare Tikk-A-Wok,* 2019 WL 3219999, at *2 (allowing complaint that pleaded the specific policy provisions that purportedly provided coverage and the facts of the claim at issue), *and Walmer v. Bristol W. Ins. Co.*, 2019 WL

573425, at *1 (N.D. Okla. Feb. 12, 2019) (denying motion to dismiss where the complaint contained facts specifying the dollar amount of the claim, the dollar amount of coverage provided, the insurance company's specific response to the claim, the facts of the investigation, and the chronology of interactions plaintiff had with the insurance company to dispute coverage) *with A&B Stores, Inc. v. Employers Mut. Cas. Co.*, 2015 WL 1014808, at *2 (W.D. Okla. Mar. 9, 2015) (granting motion to dismiss where complaint alleged only generally that insurance company did not pay for full cost of repairs but failed to plead how such repairs were covered losses under the policy), *and Daily*, 2014 WL 12729172, at *1-2 (granting motion to dismiss where complaint failed to identify "the amount that ought to have been paid [under the policy], the basis for her calculation, []or the amount that was actually paid").

In this case, the Amended Complaint contains a laundry list of legal conclusions and no supporting factual allegations.  For example, Plaintiffs allege generically that BCBS-OK "refus[ed] to honor A. B.'s claims in some instances by applying restrictions not contained in the policy"  and "refus[ed] to honor A. B.'s claims in some instances by knowingly misconstruing and misapplying provisions of the policy." (Am. Compl. ¶ 9(e), (f).)  But the Amended Complaint does not plead with facts the provisions that supposedly entitled A.B. to coverage of a specific claim for benefits (based on what was included in that claim), how they were allegedly misconstrued, or what "restrictions" not found in the Policy that BCBS-OK allegedly applied to any claim.  Likewise, the Amended Complaint pleads in conclusory fashion that BCBS-OK "fail[ed] to properly investigate A. B.'s claims and to obtain additional information both in connection with the original refusals and

following the receipt of additional information." (Am. Compl. ¶ 9(b).) But again, which claims? What refusals? And what additional information did Plaintiffs subsequently provide that BCBS-OK allegedly failed to investigate?

As demonstrated by *A&B Stores* and *Daily*, Plaintiffs' conclusory statements lack the minimum factual content needed to survive a motion to dismiss. The Amended Complaint does not identify which claims were denied by BCBS-OK, any additional information provided to BCBS-OK that it allegedly failed to investigate, the proper amount of benefits owed under the Policy, the calculations for the proper amount of benefits owed under the Policy, or even which provisions of the Policy are at issue. In sum, the conclusory statements in the Amended Complaint do not provide sufficient factual matter to state a plausible bad faith claim. *See Daily*, 2014 WL 12729172, at *1.

## III. In the Alternative, the Court Should Order Plaintiffs to Provide A More Definite Statement of Their Claims So That Defendant May Frame its Responses and Assert Applicable Affirmative Defenses.

Even if the Court declines to dismiss the Amended Complaint, it is proper to order Plaintiffs to provide a more definite statement of claims under Federal Rule of Civil Procedure 12(e). Under Rule 12(e),

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

FED. R. CIV. P. 12(e).  It is proper to grant a motion for more definite statement "when a complaint fails to plead all of the elements of a cause of action, fails to plead any facts supporting the elements of a cause of action, or states the claim in a vague or ambiguous manner."  *Atherton v. Norman Pub. Sch. Dist.*, 2012 WL 1438972, at *1 (W.D. Okla. Apr. 25, 2012).  Such is the case here—particularly as Defendant's defenses, both factual and affirmative legal defenses, will depend on which claims for benefits and specific conduct Plaintiffs rely on as the bases of their bad faith cause of action.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Amended Complaint, or, in the alternative, order Plaintiffs to provide a more definite statement of their claims.

DATED: December 11, 2019

Respectfully submitted,

/s/ *Lori Fixley Winland*
Samuel R. Fulkerson, OBA #14370
Lori Fixley Winland, OBA # 32159
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
sam.fulkerson@ogletree.com
lori.winland@ogletree.com
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 73102
Telephone:     (405) 546-3751
Facsimile:     (405)546-3775

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

This is to certify that on December 11, 2019, a true and correct copy of the foregoing was

forwarded via ECF notification, to the following:

Mark A. Engel
Steven S. Mansell
MANSELL ENGEL & COLE
204 N. Robinson Ave., 21st Floor
Oklahoma City, OK  73102
mengel@meclaw.net
***Attorneys for Plaintiff***

*/s/ Lori Fixley Winland*
Lori Fixley Winland