## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

A.B. a minor child, by and through her )
Parent and Legal Guardian SHERRI )
BLAIK, and SHERRI BLAIK, )
Individually, )
     *Plaintiffs*, )
)
v. )    Case No. CIV-19-968-D
)
HEALTH CARE SERVICE )
CORPORATION, a Mutual Legal )
Reserve Company, d/b/a/ BLUE CROSS )
BLUE SHIELD OF OKLAHOMA, )
    *Defendant*. )

## O R D E R

Before the Court is Defendant Health Care Service Corporation's Motion to Dismiss [Doc. No. 16]. Plaintiffs filed a Response [Doc. No. 21][1] in opposition, to which Defendant has replied [Doc. No 23]. The matter is fully briefed and at issue.

## BACKGROUND

In a previous case, Sherri Blaik, on behalf of her minor child, A.B., filed an action against Blue Cross Blue Shield ("BCBS") for the breach of the implied covenant of good faith and fair dealing. *See* CIV-14-990-D [Doc. No. 1] at 1. In that case Defendant, without moving to dismiss, answered the Complaint and subsequently filed a Motion for Summary

---

[1] On January 2, 2020, the day Plaintiffs' response to Defendant's Motion to Dismiss was due, Plaintiffs filed an unopposed Motion [Doc. No. 20], requesting a fourteen (14) day extension of time within which to file their Response. Subsequently, Plaintiffs' Response was filed on January 16, 2020. For good cause shown, the Court hereby **GRANTS** Plaintiffs' unopposed Motion and considers the filing of the Response in opposition to the Motion to Dismiss to have been timely made.

Judgment.  At issue in that case was an insurance policy Sherri Blaik obtained for A.B

shortly after A.B.'s birth in July 2008.  *See* Motion for Summary Judgment, CIV-14-990

[Doc. No 65], at 5.  The Court ruled on the Motion on February 2018.  *See A.B. by &*

*through Blaik v. Health Care Serv. Corp*., No. CIV-14-990-D, 2018 WL 840764, at *1

(W.D. Okla. Feb. 12, 2018).

In the previous case, the Court denied BCBS's Motion for Summary Judgment.  It

also concluded that "ABA therapy falls within provisions extending coverage for outpatient

services, physical therapy, and occupational therapy for treatment of an injury or illness."

*Id*.  at *7.  On December 19, 2018, the Court entered an Administrative Closing Order

[Doc. No. 144], noting that the "proceedings should be held in abeyance pursuant to the

settlement and compromise being effected by the parties."  On May 3, 2019, the parties

filed a joint stipulation of dismissal of "all of Plaintiff's claims and causes of action in the

[] case" with prejudice [Doc. No. 159].

The Amended Complaint in the present case [Doc. No. 6] seemingly asserts a single

cause of action—bad-faith denial of insurance coverage—and alleges that A.B., a minor

child, was insured under a BCBS health insurance policy.  Amended Complaint at 2 ¶ 3.

That policy was purchased by her parents, specifically for A.B., at the time of her birth.  *Id*.

Sherri Blaik is A.B.'s parent and legal guardian.  *Id*. at 1 ¶ 1.  A.B. was diagnosed with a

neurological condition in April 2010, which requires extensive therapy and continuous

medical services, to include ABA therapy.  *Id*. at 2 ¶ 5.  The Amended Complaint alleges

that "[BCBS] has repeatedly delayed . . . and otherwise mishandled A.B.'s health insurance

claims."  *Id*.

2

In December 2019, Plaintiffs allegedly submitted claims under the policy and "otherwise complied with all conditions precedent to recover under the policy." *Id*. at 2 ¶ 5.  Plaintiffs allege that ABA therapy was covered under the policy.  *Id*.  Subsequently, Plaintiffs allege to have "continually submitted billings and requests for coverage" for ABA therapy.  *Id*.  They allege Defendant would not affirm whether it would or would not cover these expenses.  *Id*.  Further, Defendant "failed to advise in any fashion whether or not they intended to provide coverage or any payment."  *Id*.  Defendant has made some payment on some of the claims for services, while denying other therapy bills as not medically necessary.  *Id*.  at 3 ¶ 6–7.  Plaintiffs allege "the claims that were finally paid and denied in October 2019, were all unreasonably delayed without any justifiable basis for the same."  *Id*.  Plaintiffs further allege to have suffered damages as a result of Defendant's conduct.  *Id*. at 6 ¶ 11.

Defendant's Motion to Dismiss argues first that Sherri Blaik, individually, lacks standing to assert a claim for bad faith. As such, Defendant concludes the Court lacks subject matter jurisdiction over Sherri Blaik's individual cause of action. Motion [Doc. No. 16] at 2–3.  Next, Defendant argues Plaintiff, in her representative capacity, has failed to plead enough facts to support a plausible bad-faith claim, and the claim should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).  *See id.* at 4–6.  In the alternative, Defendant moves the Court to order Plaintiffs to offer a more definite statement pursuant to FED. R. CIV. P. 12(e).

**STANDARD OF DECISION**

*Rule 12(b)(1) Lack of Subject Matter Jurisdiction*

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms:  a facial or a factual attack.  *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015).  A facial attack questions the sufficiency of the complaint's allegations.  *Id*.  In reviewing a facial challenge, a district court must accept the allegations in the complaint as true.  *Id*.  But in a factual attack, the moving party may go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  *Id*.  A district court may not presume the truthfulness of the complaint's factual allegations when reviewing a factual attack on subject matter jurisdiction.  *Id*.  Rather, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.  *Id*. Defendant's papers raise a facial attack, questioning the sufficiency of the Amended Complaint's allegations.

*Rule 12(b)(6) Failure to State a Claim*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.  *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

## DISCUSSION

### I.     Plaintiff Sherri Blaik, in her individual capacity, lacks standing to assert a tort claim against Defendant.

Defendant first contends that Plaintiff Sherri Blaik, in her individual capacity, lacks the requisite standing to sue for an action sounding in tort.

"Every contract in Oklahoma contains an implied duty of good faith and fair dealing." *Wathor v. Mut. Assurance Adm'rs, Inc*., 87 P.3d 559, 561 (Okla. 2004).  In addition, because of the "special relationship" that exists between an insurer and its insured, an insurer's breach of its duty of good faith and fair dealing to its insured "gives rise to a separate cause of action sounding in tort." *Id*. at 562.

There is, however, "no duty for an insurance company to deal fairly and in good faith with an injured third party." *McWhirter v. Fire Ins. Exch.,* 878 P.2d 1056, 1059 (Okla. 1994). Thus, an "injured third party [cannot] maintain an action against the tortfeasor's insurer for bad-faith negotiations and for failure to settle claims fairly and in good faith." *Id*. at 1058; *see also Townsend v. State Farm Mut. Auto. Ins. Co*., 860 P.2d 236, 237 (Okla. 1993); *accord Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1229 (10th Cir. 2012) (applying Oklahoma law).

To determine who has standing to bring a bad-faith claim against an insurer, one must consider the contracting parties' primary intent as reflected in the policy. *Anderson ex rel. Anderson v. Am. Int'l Specialty Lines Ins. Co*., 38 P.3d 240, 241 (Okla. 2001).

5

Even if it is undisputed that a party is entitled to benefits under an insurance policy, the insurer's duty to deal fairly and act in good faith is limited; it does not extend to every party entitled to payment of insurance benefits. There must be either a contractual or statutory relationship between the insurer and the party asserting the bad-faith claim before the duty arises. *Roach v. Atlas Life Ins. Co.*, 769 P.2d 158 (Okla. 1989). "[T]he insured's reason for purchasing the insurance policy determines if the required contractual relationship exists, not the entitlement to payment of insurance proceeds." *Gianfillippo v. Northland Cas. Co.*, 861 P.2d 308 (Okla. 1993).

At issue here is whether Plaintiff Sherri Blaik, individually, has standing to sue in an action sounding in tort, or in other words, whether the insurance company owed her a duty in her individual capacity. There is a lack of guidance from the state courts as to how this issue should be resolved.

A bad-faith tort claim, under Oklahoma law, is meant to be a limited one. *See Hensley v. State Farm Fire & Cas. Co.*, 398 P.3d 11, 18 (Okla. 2017) (identifying a "few exceptions"). Although there seems to be no precedent from the state courts precisely on point, the Tenth Circuit has previously denied certification of a similar question. *See Colony Ins. Co.*, 698 F.3d at 1235 (affirming a district court's finding of no standing and denying certification because the question of whether a foster child's guardian had standing as a third-party contractual beneficiary to bring a direct action against an insurer was not sufficiently novel).

Oklahoma law counsels that a determination as to who has standing to bring a bad-faith claim must be guided by "the contracting parties' primary intent as reflected

in the policy." *Anderson ex rel. Anderson v. Am. Int'l Specialty Lines Ins.* Co., 38 P.3d 240, 241 (Okla. 2001).  "[T]he insured's reason for purchasing the insurance policy determines if the required contractual relationship exists, not the entitlement to payment of insurance proceeds." *Roach, and Gianfillippo v. Northland Cas. Co*., 861 P.2d 308 (Okla. 1993).

In this case, the Amended Complaint makes clear that A.B. is the only insured under the policy and the only person intended to benefit from it.  *May v. Mid-Century Ins. Co*., 151 P.3d 132, 141 (Okla. 2006) ("One to whom, by the express terms of a contract, no obligation is due from its promissor [sic], cannot qualify for the status of an intended or implied third-party beneficiary.").  There are no factual allegations included in the pleadings expressly showing that Sherri Blaik, in her individual capacity, was meant to benefit from the policy or that the policy itself was drafted and purchased for her benefit.  To the contrary, the pleadings establish that the policy was purchased with the intention that A.B. alone was covered.

But of course, Sherri Blaik is legally responsible for the incurred medical obligations of her child.  And this makes it such that she—in fact—benefits from the policy. *See* OKLA. STAT. tit. 43 § 209.2 (2009).  Because A.B. is a minor, Sherri Blaik, individually, was the one to seek out the contract, and—again, by implication—benefits from its terms.  Although absent from the Amended Complaint's allegations, she was presumably also the one to deal with the insurance company.  The intent of the parties, "as reflected in the policy," however, was to cover A.B.'s needs. *See Anderson,* 38 P.3d at 241.

The Amended Complaint alleges that Defendant's acts entitle all Plaintiffs to recover punitive damages. *See* Amended Complaint [Doc. No. 6] at 6. Under Oklahoma law, where "an insurer has an implied duty to deal fairly and act in good faith with its insured," the violation of this duty "gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." *McCorkle v. Great Atl. Ins. Co.,* 637 P.2d 583, 587 (Okla. 1981); *accord Price v. Mid-Continent Cas. Co*., 41 P.3d 1019, 1021 (Okla. 2002). Although the Court draws no conclusions as to whether this case is one in which punitive damages may eventually be obtained, finding a separate duty was owed to Sherri Blaik, individually—in addition to the one that was owed to her as A.B.'s representatives could lead to additional recovery.

Given that this is a duty the state courts have adamantly described as limited, the Court is hesitant to expand it here without guidance. As the Amended Complaint stands, the pleadings fail to establish that, under Oklahoma law, Sherri Blaik individually is owed a duty under the terms of the policy, and thereby has standing to sue. Thus, the Court lacks subject matter jurisdiction over the asserted claim of bad faith brought by Sherri Blaik in her individual capacity. This claim is dismissed without prejudice pursuant to FED. R. CIV. P. 12(b)(1).

## II.    The Amended Complaint fails to allege sufficient facts to state a bad-faith claim.

Defendant next asserts the claims on behalf of A.B., a minor child, should fail pursuant to FED. R. CIV. P. 12(b)(6). To state a claim for bad faith—an intentional tort under Oklahoma law—a  party must allege that: (1) the insurer was required under the

insurance policy to pay the insureds' claim; (2) the refusal to pay the claim was unreasonable under the circumstances because (a) the insurer had no reasonable basis for refusing; (b) the insurer did not perform a proper investigation; or (c) the insurer did not evaluate the results of the investigation properly; (3) the insurer did not deal fairly and in good faith with insureds; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the complained-of injury to the insureds. *Duensing v. State Farm Fire & Cas. Co.*, 131 P.3d 127, 138 (Okla. Civ. App. 2006)*; see Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080 (Okla. 2005) (listing the same elements).

Looking only to the allegations contained within the four corners of the Amended Complaint, Plaintiff makes only vague factual assertions.  She points to no specific policy provision at issue, nor the amounts properly owed under the contract.  *Cf. Walmer v. Bristol W. Ins. Co.*, No. 18-CV-629-JED-JFJ, 2019 WL 573425, at *3 (N.D. Okla. Feb. 12, 2019) (applying Oklahoma law and denying motion to dismiss where pleadings provided the specific facts and amounts offered in comparison to the damage appraisal obtained and set out a chronology of events and ultimate refusals under the policy).

Further, Plaintiff points to no facts as to specific claims made, failing to reference dates, amounts paid or owed, length of the delays, and the insurance company's specific response to the claims.  The pleadings do not specify what the insurance company did that amounts to an improper investigation of claims.  *See Daily v. USAA Cas. Ins. Co.*, 2014 WL 12729172, at *1 (W.D. Okla. Nov. 19, 2014) (granting a motion to dismiss and listing similar facts the plaintiff failed to plead).

It is unclear from the pleadings if Plaintiff asserts a breach of contract claim against Defendant, and the Court assumes none.  There is but one caption in the pleadings entitled "breach of the implied covenant of good faith and fair dealing."  Amended Complaint at 2. Plaintiff, however, makes repeated references to a breach of contract.  *See id.* at 4, 6.

Although "no court has held that an insured must actually prevail on a separate underlying breach of contract claim in order to maintain a successful bad-faith claim,"[2] the Court must nevertheless find that Plaintiff has adequately alleged the insurance claim at issue was a covered claim.  *Vining on Behalf of Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1214 (10th Cir. 1998) (surveying Oklahoma law and finding that "a plaintiff may bring a bad faith cause of action even though a legitimate defense to a breach of contract claim exists if the defendant did not actually rely on that defense to deny payment under the policy").  Relevant federal caselaw references *Davis v. GHS Health Maintenance Org., Inc.*, 22 P.3d 1204 (Okla. 2001).  In *Davis,* the Supreme Court of Oklahoma noted as follows:

> We first recognized a cause of action in tort for an insurance company's bad faith refusal to pay a valid insurance claim in *Christian v. American Home Assurance Co.*, 1977 OK 141, 577 P.2d 899. The duty arises from the recognition that a substantial part of the right purchased by an insured is the right to receive policy benefits promptly. *Goodwin v. Old Republic* Ins. Co., 1992 OK 34, ¶ 8, 828 P.2d 431; *Christian v. American Home Assurance Co.*, this note, *supra.* Indemnity for loss under the contract is the centerpiece of a bad faith action. *Taylor v. State Farm Fire & Casualty Co.*, 1999 OK 44, ¶ 9, 981 P.2d 1253. *See also, Expertise, Inc. v. Aetna Finance Co.*, 810 F.2d 968, 972 (10th Cir.1987) [A plaintiff must establish

---

[2] The full quote reads as follows: "No court has held that an insured must actually prevail on a separate underlying breach of contract claim in order to maintain a successful bad faith claim, and we cannot predict that Oklahoma would impose such a condition precedent to a bad faith claim." *Vining*, 148 F.3d at 1214.

that a binding agreement has been breached before invoking the bad faith cause of action.].To bring an action for bad faith, the loss must arise from a valid claim *Taylor v. State Farm Fire & Casualty Co.*, this note, *supra*.

*Davis*, 22 P.3d at 1210 & n.24 (Okla. 2001); *accord Hayes v. State Farm Fire & Cas. Co.*, 855 F. Supp. 2d 1291, 1301 (W.D. Okla. 2012) (concluding that "[p]laintiff can pursue a bad faith claim with respect to defendant's handling of his September 13, 2008, loss, even though his breach of contract claim is time-barred," but nevertheless determining that "the court must consider the validity of plaintiff's contract claim").

In *Vining v. Enterprise Financial Group*, the Tenth Circuit rejected an insurer's position that because the insured had not secured a prior judgment in its favor on a separate and distinct breach-of-contract claim, it could not maintain a viable bad-faith claim stemming from the contract. *See Vining*, 148 F.3d at 1214 (noting that the insurer "makes much of [insured's] decision to abandon the breach of contract action"). Defendant makes no such contention here. Nevertheless, "a number of Oklahoma cases can be found which at the least suggest that a claim must ultimately be determined to have been a covered claim, which should have been paid, for a bad-faith claim to be cognizable." *Oldenkamp v. United American Ins. Co.*, 619 F.3d 1243, 1249 n.3 (10th Cir. 2010) (noting also that "the Oklahoma Supreme Court did indeed hold that a bad faith claim could be successfully brought by an insured whose primary breach of contract claim had failed," but declining to "express an opinion on the breadth of the [relevant] holding").

In the Amended Complaint, Plaintiff asserts the Court entered an Order, in February 2018, holding that A.B.'s therapy was covered by her insurance policy. She further alleges that Defendant has continuously denied coverage for ABA therapy from April 2019 up

11

through October of 2019.   Defendant argues that the Court's Order only denied Defendant's summary judgment "based on the language of a policy exclusion applied to deny certain ABA therapy services in 2014."  Motion [Doc. No. 23] at 6.

Plaintiff indicates in her Amended Complaint that she "submitted claims to Defendant in 2019 for the policy benefits of A.B."  Amended Complaint at 2.  Plaintiff nowhere alleges that the policy that controls these 2019 claims is the same as the policy that was before the Court in 2018.  She does not allege the 2019 policy contains the same language as the policy already interpreted by the Court.  She also does not allege that the policy exclusions relied on to deny the previous claims were the same relied on to deny the 2019 claims. Plaintiff does not include factual allegations showing how she complied with all conditions precedent to recover under the policy.

Ultimately, the Amended Complaint includes several pages of lengthy, conclusory allegations. The Court need not accept these as true.. For the reasons detailed above, Plaintiff, on behalf of A.B., has failed to state a claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 16] is **GRANTED**. Plaintiff Sherri Blaik's claim, asserted in her individual capacity, is dismissed pursuant to FED. R. CIV. P. 12(b)(1) without prejudice to refiling.  Plaintiff's claim asserted on behalf of A.B., a minor child, is dismissed without prejudice pursuant to FED. R. CIV. P. 12(b)(6).

**IT IS THEREFORE ORDERED** that Plaintiffs' Amended Complaint [Doc. No. 6] be **DISMISSED WITHOUT PREJUDICE** to refiling.  An amended pleading may be filed within twenty-one (21) days of the issuance of this Order.

**IT IS SO ORDERED** this 17th day of July, 2020.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge