## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| A.B., a minor child, by and through her Parent and Legal Guardian, SHERRI BLAIK, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-19-968-D |
| HEALTH CARE SERVICE CORPORATION d/b/a/ BLUE CROSS BLUE SHIELD OF OKLAHOMA, | ) ) ) ) | |
| Defendant. | ) ) | |

### <u>O R D E R</u>

Currently pending before the Court are two related discovery motions:  Plaintiff's Motion to Compel Rule 30(b)(6) Testimony and Production of Documents [Doc. No. 137]; and Defendant's Motion for Attorneys' Fees and Costs [Doc. No. 153].  For the most part, these Motions present the parties' opposing views of a noticed deposition on March 14, 2023, for which counsel and the witness, Jeffrey Eaton, appeared but no deposition was taken.  Plaintiff contends Defendant unreasonably refused to present a corporate representative who would testify regarding topics designated in her notice under Fed. R. Civ. P. 30(b)(6), and moves for an order compelling it so do so.  Defendant contends Plaintiff unreasonably refused to proceed with a noticed deposition and should be required to pay expenses of more than $40,000 as a sanction authorized by Fed. R. Civ. P. 30(g)(1) and 28 U.S.C. § 1927.  Both Motions are fully briefed.  *See* Def.'s Resp. Pl.'s Mot. Compel

[Doc. No. 151]; Pl.'s Reply Br. [Doc. No. 155]; Pl.'s Resp. Def.'s Mot. Att'y Fees [Doc. No. 159]; Def.'s Reply Br. [Doc. No. 160].[1]

The parties have provided the Court with a transcript prepared by the court reporter who was present for the March 14 deposition and who recorded the statements made by the parties' attorneys.  Although not an official record, the parties agree that the transcript provides an accurate account.  They have also provided copies of written communications exchanged between their attorneys regarding the Rule 30(b)(6) notice.  Upon consideration of the parties' briefs and the existing record, the Court finds that no hearing is needed to resolve the Motions.  The Court further finds that counsel for the parties should meet and confer under the guidance of this Order about the witness or witnesses who will testify as Defendant's representative regarding the outstanding topics and that Plaintiff should be allowed to take Mr. Eaton's deposition after the discovery cutoff, but that an award of expenses for Plaintiff's failure to depose Mr. Eaton on March 14 is appropriate.

In early February 2023, Plaintiff issued a notice under Rule 30(b)6) to depose Defendant's corporate representative [Doc. No. 121] and additional notices to depose individuals employed by Defendant, including Mr. Eaton.  Subsequent discussions among counsel for the parties identified witnesses who would testify on various topics listed in the Rule 30(b)(6) notice.  Mr. Eaton and another witness, Brandon Meister, were Defendant's designated representatives regarding certain subject areas; the parties agreed that these

---

[1] Defendant's attempt to incorporate its response to Plaintiff's Motion into the supporting brief for its own Motion is improper and is disregarded. *See* Def.'s Mot. Att'y Fees at 4, n.1.  Also, the Court cautions counsel about the tone of their briefs; accusatory arguments are not an effective rhetorical device.

witnesses would be examined about their personal knowledge and would answer for the corporation on some topics.  In the days leading up to Mr. Eaton's noticed deposition on March 14, particularly after the March 8 deposition of Mr. Meister, Defendant stated that Mr. Eaton would testify on Topics 1, 2, 5 and 7 and provided Plaintiff's counsel with written notes from which Mr. Eaton would cover areas outside his personal knowledge. *See* Def.'s Resp. Br., Ex. 13 [Doc. No. 151-13] at 1.  Although Defendant qualified this statement – as "subject to [its] objections" in prior correspondence (*id*.) – the Court finds that Plaintiff has failed to justify an order compelling Defendant to provide corporate testimony regarding these topics, as requested by her Motion.  Any argument that Mr. Eaton's testimony would not have fully covered these topics falls flat because Plaintiff did not depose him when he was presented for that purpose.[2]

The proverbial straw that caused Plaintiff's counsel to cancel Mr. Eaton's deposition was Defendant's position regarding Topic 3 of the notice, which encompassed multiple subjects.  To the Court, it appears there was a fundamental miscommunication concerning how Defendant proposed to provide corporate testimony concerning the subjects described in Topic 3 and whether Defendant would provide any representative to testify about some subjects.  From the exchange of communications leading up to the deposition, Plaintiff's counsel understood Mr. Eaton would cover at least part of Topic 3;

---

[2] One could reasonably infer from the fact Plaintiff filed a substantial 24-page motion and supporting brief the day after Mr. Eaton's cancelled deposition and included areas of testimony that Defendant had facially agreed to provide, that Plaintiff had already prepared the Motion and predetermined to present a dispute to the Court.  Notably, Plaintiff does not address any subject other than Topic 3 in her Reply Brief.

Defendant had so stated in its first written response to the notice on February 21, 2023. *See* Pl.'s Mot. Compel, Ex. 3 [Doc. No. 137-3] at 4 (ECF page numbering); Def's Resp. Br., Ex. 9 [Doc. No. 151-9] at 4 and Ex. 12 [Doc. No. 151-12] at 1 (March 9 email, confirming understanding of Plaintiff's counsel that "Eaton will cover 2 and 3"). Before the deposition started, however, Defendant's counsel made a preliminary statement and announced that Mr. Eaton would not testify regarding Topic 3. Defendant instead proposed to provide testimony to satisfy the Rule 30(b)(6) notice on Topic 3 by designating portions of the deposition transcript of a prior defense witness, Judy Camp, that Defendant viewed as sufficient to answer any questions within the scope of discovery regarding Topic 3. Defendant's counsel also announced that there would be no corporate testimony regarding part of Topic 3, which Plaintiff's counsel viewed as critical to the Rule 30 (b)(6) request.

From the Court's perspective, both parties bear some responsibility for the failure to reach a resolution of their differences regarding the Rule 30(b)(6) deposition. The Court rejects Defendant's position that Plaintiff was required to proceed with Mr. Eaton's March 14 deposition or be sanctioned by an assessment of all fees and costs incurred in connection with it, as well as forfeiting any right to depose Mr. Eaton or another corporate representative.[3] Defendant's announcement at the outset of the deposition that Mr. Eaton would not be presented on a relevant topic – despite prior communications indicating

---

[3] Defendant claims entitlement to "attorneys' fees and costs incurred in preparing for and attending Mr. Eaton's deposition, preparing [its] motion for attorneys' fees and costs, and responding to the relevant portions of Plaintiff's motion to compel." *See* Mot. Att'y Fees at 10 n.2. Defendant does not quantify this amount but estimates it will "total more than $40,000" and "is likely more than $60,000." *Id.* at 5, 10.

Mr. Eaton would address it – contributed to the problem and arguably deprived Plaintiff's counsel of the ability to depose Defendant's representative in the manner counsel was prepared to do.  The stalemate can be viewed as Plaintiff's failure to proceed with the deposition or Defendant's failure to present its corporate witness as required by the notice. Rule 30(g)(1) authorizes a fee award, at the district court's discretion, against a noticing party who fails to attend and proceed with the noticed deposition.  But Rule 37(d) authorizes sanctions against a party who fails to appear for a properly noticed deposition.

Defendant seeks to justify its conduct by arguing, correctly, that it had offered from the beginning of the parties' negotiations regarding the Rule 30(b)(6) notice to designate parts of Ms. Camps' deposition testimony to satisfy Topic 3.  After the failed deposition (on the last day to conduct discovery), Defendant did provide designations of testimony previously given by Ms. Camp and a medical doctor.  *See* Def.'s Resp. Br., Ex. 17 [Doc. No. 151-17].  The Court finds this belated presentation of selected witness testimony is insufficient to satisfy Defendant's obligation under Rule 30(b)(6) to designate a corporate representative to be deposed regarding relevant subject matter.  The case authorities cited by Defendant do not support its position under the circumstances presented.  *See Woods v. Standard Fire Ins Co.*, 589 F. Supp. 3d 675, 679 (E.D. Ky. 2022);[4] *BIAX Corp. v. NVIDIA*

---

[4]  Defendant cites *Woods* for the proposition that federal district courts "overwhelmingly" allow a corporate party "to designate or adopt testimony from fact witnesses in lieu of producing a representative in response to a Rule 30(b)(6) deposition notice." *See* Def.'s Resp. Br. at 17-18. In fact, from surveying the caselaw, the magistrate judge in *Woods* "gleaned the following rule:"

> Designating prior witness testimony in lieu of producing an organizational representative in response to a Rule 30(b)(6) deposition notice is permitted if: (1) the organization timely communicates the designated testimony to the noticing party to permit a review of the designations; (2) the designated testimony addresses

*Corp.*, No. 09-cv-01257-PAB-MEH, 2011 WL 31101 at *2 (D. Colo. Jan. 5, 2011) ("prior testimony of an individual witness can be designated by the corporation to satisfy a Rule 30(b)(6) deposition when the prior witness is the most knowledgeable on the subject and has been previously deposed by opposing counsel with regard to the particular topic"). It was unreasonable for Defendant to expect Plaintiff to forego examination of a corporate witness regarding relevant subject matter under a properly issued Rule 30(b)(6) notice on Defendant's promise that some future designation of testimony would sufficiently answer Plaintiff's potential questions.

Further, the Court also finds that the parameters Defendant wishes to place on Plaintiff's examination of a corporate representative are overly restrictive.  A critical issue in this case is whether Defendant has honored the provisions of Plaintiff's insurance policy – which the Court previously found covers the medical treatment that A.B. requires – or has constructed a new way to deny or limit coverage.  As the Court understands Defendant's position (now stated in its summary judgment briefs), the therapy may be covered without a diagnosis of autism, but only if Plaintiff provides periodic updates from A.B.'s physician regarding her medical condition and needs, and if Plaintiff or A.B.'s therapy provider persuades Defendant and its medical advisers that a proposed treatment program is medically necessary for A.B.'s primary diagnosis or medical condition.  If this

---

the requested topic(s); and (3) a deposition of an organizational representative would be unreasonably duplicative, cumulative, and disproportionate to the needs of the case.

*Woods*, 589 F. Supp. 3d at 679 (footnote omitted).

6

is Defendant's position, it should be required to explain for Plaintiff what provisions of the policy require or allow this handling of her claims and when this interpretation of the policy took effect (as it was not raised during prior litigation).

On the other hand, the record is also clear that Plaintiff did not proceed with the deposition of an individual witness to whom she had issued a deposition notice. If Plaintiff had taken Mr. Eaton's deposition as scheduled, the testimony of Mr. Eaton within his personal knowledge would have been provided, and at least some subjects identified in her Rule 30(b)(6) deposition notice would have been satisfied. Plaintiff provides no persuasive reason why it was necessary to cancel the noticed deposition altogether.

Under the circumstances shown by the record, the Court finds that an assessment of some expenses under Rule 30(g) is appropriate. Because Plaintiff does not adequately explain her refusal to take Mr. Eaton's deposition, the Court finds that Plaintiff's failure to proceed with the noticed deposition on March 14, 2023, was inexcusable and that Defendant should be compensated for her precipitous cancellation of the deposition.

The Court declines, however, to award Defendant an assessment of attorney fees and costs that includes all counsel's time in preparing for Mr. Eaton's March 14 deposition. Defendant retains the benefit of the preparation that will not need to be duplicated in preparing Mr. Eaton to appear again. Also, because both parties bear some responsibility for the discovery dispute, the Court will not shift to Plaintiff the expenses Defendant incurred in responding to her Motion. *See supra* note 3. For this same reason, the Court will not deprive Plaintiff of Mr. Eaton's testimony by finding that Plaintiff forfeited her right to depose Mr. Eaton and barring further discovery after the completion deadline. The

7

Court finds that Plaintiff should not receive both a monetary sanction and an order preventing her from completing the discovery she had requested before the close of discovery. The Court will instead allow Plaintiff to complete her discovery plan beyond the prior discovery cutoff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Rule 30(b)(6) Testimony and Production of Documents [Doc. No. 137] is **DENIED** without prejudice to resubmission after compliance with LCvR37.1, and Defendant's Motion for Attorneys' Fees and Costs [Doc. No. 153] is **GRANTED** in part, as set forth herein. The parties are directed to meet and confer regarding a new date for the deposition of Mr. Eaton and Defendant's representative(s) under the Rule 30(b)(6) notice (to the extent it has not been satisfied). The parties are also directed to confer regarding an assessment of reasonable expenses against Plaintiff under Rule 30(g). If the parties cannot resolve this issue by mutual agreement, Defendant may file an application for an award of expenses within 21 days from the date of this Order.

**IT IS FURTHER ORDERED** that the deadline to complete the additional discovery permitted by this Order is extended to August 11, 2023.

**IT IS SO ORDERED** this 11th day of July, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge